**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TIMOTHY L. GARRARD, #10087-025,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-02236-JPG** |
| | ) | |
| **ANDY GARDEN,** | ) | |
| **TROY REED,** | ) | |
| **C/O JANE DOES, and** | ) | |
| **C/O JOHN DOES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM & ORDER</u>**

**GILBERT, District Judge:**

Plaintiff Timothy Garrard, an inmate at Marion County Law Enforcement Center ("Jail"), filed this civil rights action *pro se* pursuant to 28 U.S.C. § 1331.[1]  (Doc. 1).  In the Complaint, Plaintiff alleges that he was subjected to unconstitutional conditions of confinement at the Jail when he was placed in a filthy isolation cell on suicide watch on September 18, 2022.  (*Id*.).  He brings claims for these unconstitutional conditions against Sheriff Andy Garden, Jail Administrator Troy Reed, and various unknown correctional officers.  Plaintiff seeks money damages and injunctive relief.[2]  (*Id*. at 7).

Plaintiff filed the Complaint without prepaying the $402 filing fee for this action or filing a motion for leave to proceed *in forma pauperis* ("IFP motion").  He remains obligated to do one or the other by **November 7, 2022**.  Failure to do so will result in immediate dismissal of this action.  Against this backdrop, the Court will screen this matter without delay.

---

[1] Because Plaintiff named local officials in connection with his federal constitutional claims, he should have brought this action pursuant to 42 U.S.C. § 1983.

[2] Plaintiff requests a clean atmosphere at the Jail.  (*Id*. at 7).  However, he does not request a temporary restraining order, preliminary injunction, or other relief under Federal Rule of Civil Procedure 65.

The Complaint is now before the Court for screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### <u>The Complaint</u>

In his Complaint, Plaintiff sets forth the following allegations (Doc. 1, pp. 6, 8-13): Plaintiff was transferred to an isolation cell (R4) on suicide watch on September 18, 2022. (*Id*. at 6). The cell was filthy. Previous occupants had "flung, smeared, and/or thrown human excrement" throughout the cell. Feces were still present in the center grate/drain. Plaintiff notified staff of the issue and requested a clean cell, but his request for a transfer was ignored. (*Id*.).

The jail nurse visited him and observed the unsanitary conditions. The nurse notified staff about the issue and asked them to provide Plaintiff with cleaning and hygiene supplies. Plaintiff did not deem it appropriate to clean up another inmate's waste without receiving personal protective equipment, and he told the nurse that it was not his responsibility to do so. In response, the nurse said, "Fine, sleep in shit, I don't care." (*Id*.). Plaintiff refused the cleaning items, and he was never given hygiene supplies.

He now claims that the conditions were filthy and unsafe, resulting in his exposure to harmful viruses, bacteria, and blood borne pathogens. Plaintiff filed grievances to complain about the conditions, but he asserts that Sheriff Andy Garden, Jail Administrator Troy Reed, and various staff members knowingly and intentionally left him in the cell. (*Id*.).

## Discussion

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

**Count 1:**     Defendants subjected Plaintiff to unconstitutional conditions of confinement at the Jail by placing him in a filthy cell (Isolation Cell R4) on September 18, 2022, and refusing to clean it, provide him with personal protective equipment, give him hygiene supplies, or transfer him.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[3]**

Plaintiff's status as a pretrial detainee or convicted person controls the applicable legal standard for this claim. If the events occurred during his pretrial detention, the Fourteenth Amendment objective unreasonableness standard applies. *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). If they occurred after he was convicted, the Eighth Amendment deliberate indifference standard applies. *Farmer v. Brennan*, 81 F.3d 1444 (1996). The Court applies the Fourteenth Amendment standard here because it appears that Plaintiff was likely a pretrial detainee and because the allegations fall short of stating a claim even under this standard.

The Fourteenth Amendment Due Process Clause governs a pretrial detainee's claim for unconstitutional conditions of confinement. *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). Pretrial detainees are not required to permanently live in human filth. *Id*. at 823. A detainee has a right to live in an environment that is free of accumulated human waste. The objective unreasonableness of a plaintiff's conditions of confinement depends on the severity and duration of his exposure to the conditions. *Id*.

As with all claims brought pursuant to 42 U.S.C. § 1983, Count 1 requires the plaintiff to allege personal involvement in a constitutional deprivation by each individual defendant.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Wilson v. Civil Town of Clayton*, 839 F.2d 375, 384 (7th Cir. 1988) (Section 1983 liability requires involvement in the constitutional deprivation.).  Plaintiff must set forth allegations suggesting that each defendant directly participated in a deprivation of his constitutionally or federally protected rights.  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  A "causal connection" or an "affirmative link" between the misconduct and the official sued is necessary.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiff's allegations focus on a non-party: the jail nurse.  This individual was not named as a defendant.  If the nurse was responsible for denying cleaning supplies, hygiene items, personal protective equipment, and/or a transfer, it is unclear why the nurse was excluded as a defendant.  If Plaintiff did not know his or her name, he could have used a generic name in place of the nurse (*e.g.*, Nurse Jane/John Doe) in the case caption and throughout the statement of his claim.  Having failed to identify this person as a defendant, Plaintiff has stated no claim against the nurse.  *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Plaintiff also mentions various staff members in connection with the denial of a cell transfer and cleaning supplies.  However, he refers to them collectively, not individually, in the statement of his claim.  He separately names miscellaneous correctional officers ("Janes Does" and "John Does") in his list of defendants.  However, a plaintiff cannot bring suit against a large, undefined group of defendants, particularly when the group includes every correctional officer at a facility.  Plaintiff should instead refer to each *individual* defendant as John Doe 1, John Doe 2, *etc*. in the case caption and then describe what each individual did, or failed to do, in violation of his rights.

Plaintiff's reference to high-ranking officials as defendants, including Sheriff Garden and

4

Jail Administrator Reed, is not enough to articulate a claim against them.  A high-ranking official named in his or her individual capacity "cannot be held liable in a [S]ection 1983 action unless he [or she] caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).  The doctrine of *respondeat superior* liability is inapplicable in this context. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Polk v. Dodson*, 454 U.S. 312, 325 (1981).  Plaintiff named the sheriff and jail administrator as defendants in his case caption and vaguely refers to both, in passing, in the statement of his claim.  However, he sets forth insufficient allegations of their personal involvement in this matter.

The Court has also reviewed the exhibits and gained no additional insight into the involvement of these high-ranking officials in this matter, at least not any involvement that rises to the level of a constitutional deprivation.  Jail Administrator Troy Reed responded to Plaintiff's September 21, 2022 grievance on September 22, 2022—by confirming that Plaintiff was already moved to a different cell after he was offered and refused cleaning supplies.  This was just four days after Plaintiff alleges that he was placed in R4.  By all indications, Jail Administrator Reed was not involved in the underlying deprivation at all.  Sheriff Garden allegedly received a grievance as well, but he did not respond before Plaintiff filed suit.  This was presumably after Jail Administrator Reed confirmed that Plaintiff was already moved to a new cell.  If there was nothing that the sheriff could do to correct the constitutional deprivation at issue because Plaintiff's transfer request was already granted, it stands to reason that the sheriff was not involved in a deprivation of his rights.

Count 1 does not survive preliminary review and shall be dismissed.  Plaintiff will have an opportunity to file an amended complaint, if he would like to do so.  However, he is again reminded of his obligation to prepay the $402 filing fee or file a properly completed IFP motion by

November 7, 2022. Failure to do so will result in the dismissal of this action–regardless of whether he files an amended complaint.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1), including **COUNT 1** against **ALL DEFENDANTS**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **ALL DEFENDANTS** are **DISMISSED** without prejudice. <u>**The Clerk's Office is DIRECTED to TERMINATE all defendants in CM/ECF and SEND the plaintiff a blank civil rights complaint form.**</u>

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 10, 2022**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). Failure to pay the $402 filing fee or file a properly completed IFP motion on or before November 7, 2022, provides independent grounds for dismissal of this action.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form "First Amended Complaint," and he should use the case number for this action (No. 22-cv-02236-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004).  Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/13/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**